**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**AMY KAROZOS**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**PATRICK M. RHODES**
Indiana Dept. of Child Services
Indianapolis, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF M.S. (Minor Child),<br>CHILD IN NEED OF SERVICES,<br><br>M.S., (Mother),<br><br>    Appellant-Defendant,<br><br>       vs.<br><br>THE INDIANA DEPARTMENT OF<br>CHILD SERVICES,<br><br>    Appellee-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 49A02-1201-JC-26<br>)<br>)<br>)<br>)<br>)<br>) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Julie Cartmel, Magistrate
Cause No. 49D09-1108-JC-32613

**August 28, 2012**

**BARNES, Judge**

## Case Summary

Mo.S. ("Mother") appeals the trial court's determination that her son, M.S., is a child in need of services ("CHINS"). We affirm.

## Issue

Mother raises one issue, which we restate as whether there is sufficient evidence to support the trial court's CHINS determination.

## Facts

In August 2011, M.S., who was born on November 24, 1995, poured an accelerant throughout the house where he lived with Mother and his three sisters. M.S. then left the house with oven on and incense burning. Mother was able to get herself and her three daughters safely out of the house. During the investigation of the incident, Mother was detained at a police station regarding a warrant that had been issued for an unpaid ticket, and the Department of Child Services ("DCS") became involved.

DCS filed a petition alleging that the children were in need of services. After the initial hearing, the trial court ordered that the children remain in their current placements, with M.S. in a treatment facility and the girls in Mother's custody. Eventually, M.S. was placed in therapeutic foster care. On November 28, 2011, the trial court held a fact-finding hearing, after which the trial court determined that M.S. was a CHINS and should

remain in therapeutic foster care and that the girls were not CHINS. Mother now appeals the trial court's determination as it relates to M.S.

## Analysis[1]

Mother argues that the evidence is insufficient to support the trial court's determination that M.S. is a CHINS. The CHINS petition was based on Indiana Code Section 31-34-1-1, which provides:

> A child is a child in need of services if before the child becomes eighteen (18) years of age:
>
> (1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
>
> (2) the child needs care, treatment, or rehabilitation that:
>
> > (A) the child is not receiving; and
>
> > (B) is unlikely to be provided or accepted without the coercive intervention of the court.

"Because a CHINS proceeding is a civil action, the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code." In re N.E., 919 N.E.2d 102, 105 (Ind. 2010). "When reviewing the sufficiency of the evidence, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom." In re M.W., 869 N.E.2d 1267, 1270 (Ind. Ct. App. 2007). We neither reweigh the evidence nor judge the credibility of witnesses. Id.

---

[1] DCS argues that Mother failed to present a cogent argument supported by citation to authority and the record. We disagree and address Mother's argument on the merits.

3

Regarding the first element of Indiana Code Section 31-34-1-1, Mother's ex-husband, Michael Pratt, verbally and physically abused Mother and M.S. M.S. testified that he poured the accelerants throughout the house because he was angry, upset, confused, and sad about the situation. There was evidence that Mother's divorce from Pratt was finalized in June 2011, that she had had a protective order against Pratt since 2007, and that when Pratt entered her home in July 2011, she maced him and filed a police report. However, there was also evidence that, despite the protective orders, Mother had kicked Pratt out of the house countless times and let him come back in to live in the home. M.S. testified that Pratt had lived with them earlier in the year. Although Mother denied these assertions, we may not reweigh the evidence. This evidence is sufficient to establish that M.S.'s physical or mental condition is seriously impaired or endangered as a result of the inability or refusal of Mother to provide necessary shelter or supervision.

Regarding the second element, Mother testified that when her relationship with M.S. became strained, she looked into counseling for him and intended to attend a ten-week group session with all of her children at the suggestion of her domestic violence advocate, but M.S. resisted the counseling and the group session did not come to fruition because of the accelerant incident. Although Mother testified that family therapy sessions would be beneficial, other evidence showed that Mother did not think she needed any services, that the incident had not been addressed in a therapeutic setting, and that no work had been done between Mother and M.S. to attempt to mend the relationship. Although we commend Mother for participating in the group sessions with

4

her other children, that evidence does not establish that she could provide or that M.S. would accept the necessary treatment without coercive court intervention. Accordingly, there is sufficient evidence that M.S. was not receiving and was unlikely to receive or accept care, treatment, or rehabilitation without the coercive intervention of the court.

**Conclusion**

There is sufficient evidence to support the trial court's CHINS determination. We affirm.

VAIDIK, J., and MATHIAS, J., concur.